1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DMITRIY YEGOROV,                          No.  2:14-cv-1886-KJM-EFB PS

12                    Plaintiff,

13        v.                                    ORDER

14   CONSULATE OF UKRAINE IN SAN
     FRANCISCO,
15
                     Defendant.
16

17

18        This case, in which plaintiff is proceeding pro se, was referred to the undersigned under

19   Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has filed an application to

20   proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  His affidavit demonstrates that his is

21   unable to prepay fees and costs or give security for them.  ECF No. 2.  Accordingly, the request to

22   proceed *in forma pauperis* is granted.

23        Determining that plaintiff may proceed *in forma pauperis* does not complete the required

24   inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

25   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

26   which relief may be granted, or seeks monetary relief against an immune defendant.

27        Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

28   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

                                          1

1  fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

2  *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

3  (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

4  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

5  a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

6  relief above the speculative level on the assumption that all of the complaint's allegations are

7  true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

8  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

9  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10      In reviewing a complaint under this standard, the court must accept as true the allegations

11  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

12  construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

13  plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

14  the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

15  "requires a complaint to include a short and plain statement of the claim showing that the pleader

16  is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

17  upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing

18  *Conley v. Gibson*, 355 U.S. 41 (1957)).

19      Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

20  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,

21  511 U.S. 375, 377 (1994).  The basic federal jurisdictional statutes, 28 U.S.C. §§ 1331 & 1332,

22  confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction

23  requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

24  "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

25  authorized by a federal statute that both regulates a specific subject matter and confers federal

26  jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

27  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

28  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

1   *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

2   of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

3   subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

4   *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

5          The complaint alleges that plaintiff's two children were kidnapped by a member of an

6   "American gang citizen USA" and Melnichuk Nelya, a citizen of Ukraine.  ECF No. 1 at 2.

7   Plaintiff claims that he contacted the Consulate General of the Ukraine in San Francisco, Mr.

8   Nikolaychuck, to request that he investigate the kidnapping of his children.  *Id.*  Mr.

9   Nikolaychuck allegedly failed to respond to plaintiff's requests for an investigation.  Plaintiff

10  contends that the failure to investigate violated international law; specifically, "Consular

11  Convention signed USSR AND USA in June 1, 1964, section 12," which plaintiff attached as

12  exhibit 1 to his complaint.  The section relied upon by plaintiff provides that "A consular officer

13  shall have the right within his district to meet with, communicate with, and advise any national of

14  the sending state and, where necessary, arrange for legal assistance for him.  The receiving state

15  shall in no way restrict the access of nationals of the sending state to its consular establishment."

16  *Id.* at 19 (Ex. 1).

17         Plaintiff's claim(s) against the Consulate of Ukraine appears to be barred by the Foreign

18  Sovereign Immunities Act ("FSIA"), which provides that "a foreign state shall be immune from

19  the jurisdiction of the courts of the United States and of the States except as provided in" the

20  FSIA.  28 U.S.C. § 1604.  "Under the Act, a foreign state is presumptively immune from the

21  jurisdiction of the United States courts; unless a specified exception applies, a federal court lacks

22  subject-matter jurisdiction over a claim against a foreign state."  *Embassy of the Arab Republic of*

23  *Egypt v. Lasheen*, 603 F.3d 1166, 1969 (9th Cir. 2010).  "Once a party offers evidence that an

24  FSIA exception to immunity applies, the party claiming immunity bears the burden of proving by

25  a preponderance of the evidence that the exception does not apply."  *Id.*

26         Plaintiff does not establish that any of the exceptions enumerated in the FSIA apply to the

27  instant action.  Accordingly, the complaint fails to establish this court's jurisdiction.  *See* 28

28  U.S.C. §§ 1605-1607.  Therefore, plaintiff's complaint must be dismissed.  However, plaintiff is

granted leave to file an amended complaint that establishes this court's subject matter jurisdiction. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted

2.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.

/////

/////

4

    3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  January 6, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE